**No. 23-5180**                          **September Term, 2023**

**1:20-cv-02687-TSC**

Filed On: May 8, 2024

David J. Rudometkin,

      Appellant

   v.

United States of America,

      Appellee

      **BEFORE:**    Rao, Walker, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the motion for judicial notice; the motion for remand, which is construed as a motion for summary reversal, the opposition thereto, and the reply; and the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for judicial notice be denied. Appellant has demonstrated neither that he asks the court to take judicial notice of a fact that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), nor that taking judicial notice would affect the court's disposition of this appeal, see Larson v. Dep't of State, 565 F.3d 857, 870 (D.C. Cir. 2009). It is

**FURTHER ORDERED** that the motion for summary reversal be denied and the motion for summary affirmance be granted in part and denied in part. Summary affirmance is granted as to the district court's March 3, 2021 minute order dismissing any claim under the Administrative Procedure Act; the district court's September 19, 2022 order denying appellant's June 27, 2022 motion to amend his complaint; and the district court's September 19, 2022 minute order denying appellant's August 25, 2022 motion to disqualify defense counsel and to amend his complaint. Appellant has forfeited any challenge to those decisions by failing to address them in response to the motion for summary affirmance. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

The motion for summary affirmance is denied as to the district court's July 26, 2023 order granting appellee's renewed motion for summary judgment and denying appellant's cross-motion, and as to the district court's December 15, 2022 minute order

denying appellant's October 14, 2022 motion to amend his complaint. As to those orders, the merits of the parties' positions are not so clear as to warrant summary disposition. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). It is

**FURTHER ORDERED** that

> Charles E.T. Roberts
> Jones Day
> 51 Louisiana Ave., N.W.
> Washington, D.C. 20001

a member of the Bar of this court, be appointed as amicus curiae to present arguments in support of appellant's position that amicus determines are potentially meritorious. The court has concluded that it is in the court's interest to appoint amicus. See D.C. Circuit Handbook of Practice and Internal Procedures 26 (2021). While not otherwise limited, amicus is directed to address whether appellee satisfied its burden to demonstrate that disclosure of each document or portion thereof withheld under Freedom of Information Act Exemption 5, 5 U.S.C. § 552(b)(5), would foreseeably harm an interest protected by that exemption. See Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation, 3 F.4th 350, 369-72 (D.C. Cir. 2021) ("While agencies may sometimes satisfy that burden on a category-by-category basis . . . . the basis and likelihood of that harm must be independently demonstrated for each category."). Additionally, the parties and amicus are directed to address the effect, if any, of the amended complaint in Rudometkin v. Wormuth, No. 1:22-cv-01968 (D.D.C.), on appellant's arguments regarding his April 12, 2022 and October 14, 2022 requests for leave to amend his complaint in this case.

Because the court has determined that summary disposition is not in order as to a portion of the appeal, the Clerk is instructed to calendar this case for presentation to a merits panel. The Clerk is directed to withhold issuance of the mandate herein until resolution of the remainder of the appeal.

<u>**Per Curiam**</u>

                                         **FOR THE COURT:**
                                         Mark J. Langer, Clerk

                    **By:**      /s/
                                 Selena R. Gancasz
                                 Deputy Clerk